**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          ykrivoshey@bursor.com
          fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9112
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FREEDLINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O ORGANICS LLC, and LUCERNE FOODS, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Gary Freedline ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants O Organics LLC ("O Organics") and Defendant Lucerne Foods, Inc. ("Lucerne") (collectively, "Defendants").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## INTRODUCTION

1.      O Organics and Lucerne have passed off their entire line of O Organics Kombucha[1] beverages as non-alcoholic, when, in fact, the beverages contain more than three to five times the alcohol allowed for non-alcoholic beverages.  The alcoholic beverages are sold to unsuspecting children, pregnant women, persons suffering with alcohol dependence issues, and a host of other people for whom alcohol consumption may pose a grave and immediate safety risk.

2.      Further, O Organics and Lucerne greatly understate the sugar content of O Organics Kombucha beverages on the products' labels, making the beverages appear healthier than they really are.  The undeclared sugar content of O Organics Kombucha beverages contributes to the continued fermentation of the beverages after bottling.  As discussed herein, such continued fermentation in part causes O Organics Kombucha beverages to cross the .5 percent alcohol by volume threshold set for non-alcoholic beverages.

3.      Plaintiff purchased numerous bottles of O Organics Kombucha based on Defendants' misleading and false advertising and labeling of the products.

4.      Plaintiff seeks relief in this action individually, and on behalf of all purchasers of O Organic Kombucha beverages, for Defendants' violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et*

---

[1] O Organics Kombucha refers to every flavor of Defendants' O Organics' branded kombucha beverages sold nationwide, as described herein, including, but not limited to, O Organics Kombucha: Raspberry Black Currant, Pomegranate Hibiscus Lime, Cranberry Peach, Guava, Mango Mint, Ginger Lemon, Ginger.  The various flavors of O Organics Kombucha are substantially identical other than their flavor profile, as each flavor is above the 0.5 percent alcohol by volume threshold and understates the amount of sugar in the beverages.  None of the flavors has the requisite government warning required for alcoholic beverages.

*seq.*, for breach of express and implied warranties, negligent misrepresentation, fraud, and unjust enrichment.

## **PARTIES**

5.       Plaintiff Gary Freedline is a citizen of California, residing in Rancho Mission Viejo. Within the past two years, Mr. Freedline purchased O Organics Kombucha beverages from Albertsons stores within California.  Mr. Freedline purchased, at a minimum, the O Organics Kombucha: Pomegranate Hibiscus Lime and Mango Mint flavors.  Mr. Freedline purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the O Organics Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content.  Mr. Freedline did not have to show any identification of his age in order to purchase the O Organics Kombucha products at Albertsons.  The O Organics Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.*, beer) at the Albertsons location at which he made his purchases.  Mr. Freedline would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages.  Further, Mr. Freedline would have paid significantly less for the products had he known that the products mischaracterized the level of sugar and alcohol in the bottles.  Should Mr. Freedline encounter any O Organics Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Mr. Freedline encounter any O Organics Kombucha beverages in the future, he could not rely on the statement on the back of the labels that the products "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME."  However, Mr. Freedline would still be willing to purchase the current formulations of O Organics Kombucha so long as Defendants engage in corrective advertising.

6.       Defendant O Organics LLC is a Delaware corporation located and headquartered at 5918 Stoneridge Mall Road, Pleasanton, California.  O Organics is a wholly owned subsidiary of

Defendant Lucerne Foods, Inc.  O Organics brews and bottles its O Organics Kombucha beverages in California.  O Organics manufactures, advertises, sells, and markets O Organics Kombucha beverages as alleged herein nationwide, including in California.

7.      Defendant Lucerne Foods, Inc. is a Delaware corporation located and headquartered at 5918 Stoneridge Mall Road, Pleasanton, California, the same location as Defendant O Organics. Defendant is the parent corporation of Defendant O Organics, a wholly-owned subsidiary. Defendant acts as the distributor for O Organics Kombucha beverages manufactured by Defendant O Organics nationwide, including in California.

8.      There exists, and at all times herein existed, a unity of ownership between Defendants Lucerne and O Organics and their agents such that any individuality or separateness between them has ceased and each of them is the alter ego of the others.  Lucerne communicates with O Organics concerning virtually all aspects of the O Organics Kombucha products it distributes within the United States, including for products distributed in California.  At all relevant times, O Organics acted as an authorized agent, representative, servant, employee and/or alter ego of Lucerne while performing activities including but not limited to advertising, labeling, manufacturing, and testing of O Organics Kombucha products in the United States, including substantial activities that occurred within this jurisdiction.

9.      O Organics and Lucerne's misleading marketing, advertising, labeling, and product information concerning the level of sugar and alcohol in their Kombucha beverages were conceived, reviewed, approved, and otherwise controlled from O Organics' and Lucerne's joint California headquarters.  O Organics' and Lucerne's misleading marketing concerning the sugar and alcohol content of their Kombucha beverages was coordinated at, emanated from, and was developed at O Organics' and Lucerne's joint California headquarters.  All critical decisions regarding the misleading alcohol and sugar marketing and labeling of O Organics Kombucha were made by Lucerne and O Organics in California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed nationwide class, are citizens of states different from the states of Defendants. Defendants have sold hundreds of thousands, if not millions, of bottles of O Organics Kombucha beverages.

11.     This Court has general jurisdiction over Defendants because they are both headquartered in California.  Further, the Court has general jurisdiction over all Defendants because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged mislabeling, misbranding, and marketing practices have been disseminated and committed in this District and because Defendants are headquartered in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13.     The name "kombucha" comes from the common name for what is essentially a fermented tea drink.  Kombucha, including O Organics Kombucha, is made of tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for symbiotic colony of bacteria and yeast) floats on top.  The scoby then "eats" the sugar, acids, and caffeine in the tea, creating a cocktail of live microorganisms.  Basic chemistry explains that the scoby converts the sugar into carbon dioxide and alcohol.

14.     Having only launched around 2014 or 2015, O Organics Kombucha is now sold nationwide in Safeway and Albertson's family of retail stores.  However, O Organics Kombucha's rise is built on a poorly kept industry secret – kombucha made the "real way," without pasteurization, predictably becomes highly alcoholic.  While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the

CLASS ACTION COMPLAINT

4

beverage converts sugars into alcohol.  Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume (and even higher), roughly the same alcohol content as regular beer.  O Organics Kombucha is no different – it contains more than three to five times the limit of permitted alcohol by volume content.

15.     In 2010, major retailers throughout the country, including big retailers like Whole Foods, were forced to immediately stop selling kombucha beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly five times the legal limit for non-alcoholic beverages.  The discoveries sparked Federal Drug Administration ("FDA") and Alcohol and Tobacco Tax and Trade Bureau ("TTB") investigations concerning the alcohol content of various kombucha products.

16.     Several other manufacturers of kombucha beverages, such as Honest Tea, owned and operated by the Coca-Cola Company, were unable to reformulate their kombucha beverages to ensure that the products never crossed the 0.5 alcohol by volume threshold at retail or consumption.  "Despite reformulating its kombucha drinks in August 2010, Honest Tea found that the level of alcohol in Honest Kombucha – when left at room temperature – increased beyond 0.5 percent.  Citing the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line in December 2010."[2]

17.     Since that time, seeking to capitalize on the consumer craze and desire surrounding kombucha beverages, kombucha manufacturers have found many creative ways to ensure that their kombucha beverages did not cross the 0.5 percent alcohol by volume standard, such as through pasteurization.  Others have chosen to continue making "raw" and unpasteurized kombucha but include the federally mandated warning for alcoholic beverages.  Defendants have apparently chosen a third path.  Continue brewing raw, unpasteurized kombucha without disclosing that the kombucha is an alcoholic beverage.

---

[2] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*, BevNet.com, Nov. 8, 2011.  Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-honest-tea (last accessed March 5, 2018).

18.     Indeed, Defendants' false and misleading advertising of O Organics Kombucha is not limited to omitting critical information regarding the amount of alcohol on the beverages' labels.  On the back of the labels of O Organics Kombucha, the labels falsely state that O Organics Kombucha "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME."

**TTB Accredited Lab Results Show that O Organics Kombucha has Greater than 0.5 Percent Alcohol by Volume and Contains Excess Sugar**

19.     Within the past year, Brewing & Distilling Analytical Services, LLC, an independent, TTB certified laboratory, conducted tests on multiple bottles of O Organics Kombucha beverages concerning the beverage's alcohol content.  To test for alcohol content, BDAS utilized scientifically valid, TTB approved methodology for testing kombucha beverages. Each test showed that every bottle of the products contained a level of alcohol by volume greater than 0.5 percent.  None of the products passed their stated expiration date at the time of testing. The smallest percentage of alcohol by volume detected among all the O Organics Kombucha products tested by BDAS was 1.63 percent alcohol by volume, and the highest was 2.63 percent alcohol by volume.  Not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit.

20.     BDAS also separately tested the sugar content of O Organics Kombucha beverages. BDAS's test results showed that O Organics Kombucha beverages contain more than 40 percent more sugar than declared on the beverages' labels.

**Every O Organics Kombucha Bottle Violates a Host of Federal and State Law Regulating the Labeling of Alcoholic Beverages**

21.     Prior to a recent update, the TTB's website stated that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent alcohol by volume.  These products are alcohol beverages and are consequently subject to regulation."[3]  The TTB stated that its "primary concern is to ensure that consumers are not misled about the nature of alcohol beverage products that might be marketed as non-alcoholic beverages. It is important that consumers are adequately informed about the nature of these products."

---

[3] https://web.archive.org/web/20150818084444/http://www.ttb.gov/faqs/kombucha-faqs.shtml

22.     The TTB's current website shows that the concern over alcohol in kombucha beverages persists.  "Some kombucha products contain 0.5% or more alcohol by volume.  These products are alcohol beverages ... It is important to note that regardless of the alcohol content of the finished beverage, when kombucha reaches 0.5% alcohol or more by volume at any time during the production process, it must be produced on a TTB-qualified premises and is subject to TTB regulation.  Thus, for example, a producer of a kombucha-style beer that reaches an alcohol content of 1.2% alcohol by volume during production must qualify as a brewer and comply with TTB regulations in 27 CFR part 25, even if the finished product is a non-alcoholic beverage (containing less than 0.5% alcohol by volume)."[4]

23.     According to the TTB, "[e]ven though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored.  As a result, the alcohol content may increase to 0.5% or more alcohol by volume.  Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages."[5]

24.     The TTB makes clear that distributors and manufacturers (such as Defendants) cannot escape liability for failing to include the required alcohol warning statement even if the beverages become alcoholic *after* they are sold downstream to retailers or consumers that fail to refrigerate the beverages.  "Refrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal because, among other things, you cannot control whether the product will be refrigerated after removal."[6]

25.     In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume.  One of the questions is "Are kombucha containers required to bear a health warning statement?"  The TTB answers, "Yes, if the kombucha

---

[4] https://www.ttb.gov/kombucha/kombucha-general.shtml#responsibilities
[5] *Id.*
[6] *Id.*

beverage contains 0.5 percent or more alcohol by volume.  The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988," citing 27 C.F.R. § 16.  In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption."  27 C.F.R. § 16.20 goes on to state that "no person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

26.     27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."  The labels of O Organics Kombucha do not bear this warning.

27.     Within the past year, the TTB's website has also stated that certain "beers," including kombucha products, "that [are] made without both malted barley and hops .... must ... comply with FDA labeling requirements.  Such products are still subject to the marking requirements of the IRC and the health warning statement requirements of ABLA."[7]  The FDA clarifies that such alcoholic beverages are subject to the nutrition labeling requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R. 101.3 and 21 C.F.R. 101.4.[8]  Because O Organics Kombucha is "made without both malted barley and hops," O Organics Kombucha is also subject to the general nutrition labeling requirements set out by the FDA.  Accordingly, the labels of O Organics Kombucha are subject to the "false and misleading" standard of 21 U.S.C. § 343(a)(1) and the corresponding state law counterparts that track the federal standards.  *See, e.g.*,

---

[7] https://web.archive.org/web/20180726103232/https://www.ttb.gov/kombucha/kombucha-general.shtml (last accessed April 1, 2019).
[8] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*, December 2014.  Available at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm166239.htm#ref4 (last accessed April 1, 2019).

CLASS ACTION COMPLAINT

8

Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act … shall be the food labeling regulations of this state."); 1 N.Y.C.R.R. § 259.1 (same).  Because O Organics Kombucha contains alcohol above 0.5 percent by volume, it is misbranded under the FDA's labeling requirements, and the corresponding state law counterparts that track the federal standards.

28.    Defendants' sale and marketing of O Organics Kombucha as a non-alcoholic beverage also violates a host of State consumer health and safety regulations.  For example, California Health & Safety Code Section 25249.2 provides that "[n]o person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in Section 25249.10."  The method of warning should be a warning that appears on the product's label.  *See* 27 Cal. Code of Reg. § 25603(c).  Pursuant to Proposition 65, the Safe Drinking Water and Toxic Enforcement Act ("Proposition 65"), California recognizes "Ethyl alcohol in alcoholic beverages" as a chemical known to cause reproductive toxicity.  27 Cal. Code of Reg. § 27001(c).  "Alcoholic beverage" includes "every liquid or solid containing alcohol, spirits, wine, or beer, and which contains one-half of one percent or more of alcohol by volume and which is fit for beverage purposes either alone or when diluted, mixed, or combined with other substances."  *Consumer Cause, Inc. v. Arkopharma, Inc*. (2003) 106 Cal. App. 4th 824, 829 (citing Cal. Bus. & Prof. Code § 23004).  Because O Organics Kombucha in fact contains "one-half of one percent or more of alcohol by volume," but the labels do not bear the appropriate warning, the products violate Proposition 65.  A warning statement identical to the one prescribed by 27 C.F.R. § 16.21 would suffice to comply with the law and to notify consumers.

29.    While Plaintiff does not know whether O Organics Kombucha is below 0.5 alcohol by volume at the moment it leaves Defendants' distribution center, what is clear is that the beverages are significantly above the 0.5 threshold at the time of sale and consumption.  Under federal law, Defendants cannot turn a blind eye to what happens to O Organics Kombucha products after they leave Defendants' facilities, and, considering that continued fermentation and high

alcohol content is an industry-wide problem, Plaintiff alleges on information and belief that Defendants knowingly and willfully distribute O Organics Kombucha in violation of Federal and State laws that require such beverages to contain the government warning, as set out above.

30.     Defendants' sale and marketing of O Organics Kombucha as non-alcoholic, low sugar beverages is highly misleading to a reasonable consumer, including Plaintiff.  Because O Organics Kombucha does not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiff, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications.

31.     Defendants made, and continue to make, unlawful and misleading claims on the labels of O Organics Kombucha that are prohibited by identical federal and state laws, and which render these products misbranded.  Under federal and state law, O Organics Kombucha cannot legally be manufactured, distributed, held, or sold.

### CLASS REPRESENTATION ALLEGATIONS

32.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who purchased O Organics Kombucha beverages.

33.     Plaintiff also seek to represent a subclass defined as all members of the Class who purchased O Organics Kombucha in California (the "California Subclass").

34.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

35.     Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36.     Also excluded from the Class are persons or entities that purchased O Organics Kombucha for purposes of resale.

37.     Plaintiff is a member of the Class and California Subclass he seeks to represent.

38.     Defendants sell hundreds of thousands, if not millions, of bottles of O Organics Kombucha.  O Organics Kombucha are available in major supermarkets nationwide, including in California.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants, third party retailers, and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether O Organics Kombucha is misbranded, and whether the labeling, marketing and promotion of O Organics Kombucha is false and misleading.

40.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to and relied on Defendants' false, misleading and misbranded labels, purchased O Organics Kombucha, and suffered losses as a result of those purchases.

41.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

42.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by

the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**

**Violation of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750, *et seq*.**

**(Injunctive Relief Only)**

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

45.     Plaintiff and Class members are consumers who purchased O Organics Kombucha for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

46.     Plaintiff and the Class members are not experts with the independent knowledge of the nature, level, or amount of alcohol and sugar found in O Organics Kombucha or kombucha beverages generally.  Plaintiff and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of O Organics Kombucha or kombucha beverages generally.  Plaintiff and the Class acted reasonably when they purchased O Organics Kombucha based on their belief that Defendants' representations were true and lawful.

47.     The O Organics Kombucha that Plaintiff and Class members purchased from Defendants were "goods" within the meaning of Cal. Civ. Code § 1761(a).

48.     Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

49.     Defendants' representation that O Organics Kombucha "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME" and the absence of the government warning concerning alcoholic beverages on the labels of O Organics Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiff, because O Organics Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of O Organics Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health hazard to consumers because, *inter alia*, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is alcoholic, O Organics Kombucha is an unreasonably dangerous product that is unfit for sale.

50.     Further, Defendants' understatement of the amount of sugar in O Organics Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiff.  The excess amount of sugar in the beverages also makes O Organics Kombucha less healthy than advertised.

51.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or

practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the goods.

52.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the goods.

53.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise goods with the intent not to sell the goods as advertised.

54.     Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased O Organics Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased O Organics Kombucha on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for O Organics Kombucha due to Defendants' misrepresentations and omissions; and (d) O Organics Kombucha did not have the characteristics, benefits, or quantities as promised.

55.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

56.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

1

2

3

**COUNT II**

**Violation of California's Unfair Competition Law,**

**California Business & Professions Code §§ 17200, *et seq.***

4       57.     Plaintiff hereby incorporate by reference the allegations contained in all preceding

5   paragraphs of this complaint.

6       58.     Plaintiff brings this claim individually and on behalf of the members of the

7   proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of

8   members of the proposed California Subclass against Defendants.

9       59.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof.

10  Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and

11  include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or

12  misleading advertising …."

13      60.     Defendants' representation that O Organics Kombucha "CONTAINS LESS THAN

14  0.5% ALCOHOL BY VOLUME" and the absence of the government warning concerning

15  alcoholic beverages on the labels of O Organics Kombucha make such advertising false and

16  misleading to a reasonable consumer, including Plaintiff, because O Organics Kombucha in fact

17  contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must

18  bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning

19  on the labels of O Organics Kombucha, in addition to the fact that the beverage is sold to persons

20  under 21 years of age and without identification, is a serious health hazard to consumers because,

21  *inter alia*, such beverages are purchased by minors and because uninformed consumers purchase

22  the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of

23  appropriate warning and disclaimers is further a health hazard because the beverages are

24  unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume

25  alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is

26  alcoholic, O Organics Kombucha is an unreasonably dangerous product that is unfit for sale.

27

28

CLASS ACTION COMPLAINT

61.     Further, Defendants' understatement of the amount of sugar in O Organics Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiff.  The excess amount of sugar in the beverages also makes O Organics Kombucha less healthy than advertised.

62.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating Section 403(r) of the FDCA [21 U.S.C. 343(r)(1)(a)], California Health & Safety Code § 110670, 27 C.F.R. § 16, California Health & Safety Code Section 25249.2, the CLRA, the FAL and other applicable law as described herein.

63.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising is of no benefit to consumers, and has been declared misleading to consumers by the TTB and FDA.  Creating consumer confusion regarding the levels of alcohol and sugar is of no benefit to consumers.  Defendants' advertising of O Organics Kombucha as non-alcoholic and the fact that the labels of O Organics Kombucha do not bear warnings concerning the presence of significant amounts of alcohol causes the products to pose a threat to public health, safety, and morality.  Consumers are unwittingly purchasing and consuming O Organics Kombucha products prior to driving a car or operating machinery and while pregnant or under 21 years of age.  Further, many consumers may have religious or moral objections to the consumption of alcoholic beverages and would not buy O Organics Kombucha under any circumstances, even if the presence of alcohol was disclosed.  Such practices are of no benefit to consumers.

64.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that O Organics Kombucha is a non-alcoholic beverage when, in fact, it contains a substantial amount of alcohol.  Defendants also violated the fraudulent prong by understating the amount of sugar in the beverages.

CLASS ACTION COMPLAINT

16

65.     Plaintiff and Class members are not experts about the nature, level, or amount of alcohol and sugar found in O Organics Kombucha or kombucha beverages in general.  Plaintiff and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of O Organics Kombucha or kombucha beverages generally.  Plaintiff and the Class acted reasonably when they purchased O Organics Kombucha based on their belief that Defendants' representations were true and lawful.

66.     Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased O Organics Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased O Organics Kombucha on the same terms absent Defendants' representations; (c) they paid a price premium for O Organics Kombucha due to Defendants' misrepresentations and omissions; and (d) O Organics Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT III

### Violation of California's False Advertising Law,

### California Business & Professions Code §§ 17500, *et seq.*

67.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

69.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

70.     Defendants engaged in a scheme of offering misbranded bottles of O Organics Kombucha for sale to Plaintiff and the Class members by way of product packaging, labeling, and other promotional materials.  These materials misrepresented and/or omitted the true content and nature of the misbranded bottles of O Organics Kombucha.  Defendants' advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the product packaging, labeling, and promotional materials were intended as inducements to purchase O Organics Kombucha, and are statements disseminated by Defendants to Plaintiff and Class members. Defendants knew that these statements were unauthorized, inaccurate, and misleading.

71.     Defendants' representation that O Organics Kombucha "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME" and the absence of the government warning concerning alcoholic beverages on the labels of O Organics Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiff, because O Organics Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of O Organics Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health hazard to consumers because, *inter alia*, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is alcoholic, O Organics Kombucha is an unreasonably dangerous product that is unfit for sale.

72.     Further, Defendants' understatement of the amount of sugar in O Organics Kombucha make such advertising false and misleading to a reasonable consumer, including

CLASS ACTION COMPLAINT

Plaintiff.  The excess amount of sugar in the beverages also makes O Organics Kombucha less healthy than advertised.

73.     Defendants violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that O Organics Kombucha is a non-alcoholic beverage that is low in sugar when, in fact, it contains a substantial amount of alcohol and sugar.

74.     Defendants knew or should have known, through the exercise of reasonable care that O Organics Kombucha were and continue to be misbranded, and that their representations and omissions about the alcohol and sugar content of the beverages were unauthorized, inaccurate, and misleading.  Defendants also knew or should have known, through the exercise of reasonable care that O Organics Kombucha is an alcoholic beverage and that Defendants' representations to the contrary are not true.

75.     Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased O Organics Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased O Organics Kombucha on the same terms absent Defendants' representations; (c) they paid a price premium for O Organics Kombucha due to Defendants' misrepresentations and omissions; and (d) O Organics Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT IV

### Breach of Express Warranty

76.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

77.     In connection with the sale of O Organics Kombucha, Defendants issue an express warranty that O Organics Kombucha contain a specified amount of grams of sugar per serving. Defendants also issue an express warranty that O Organics Kombucha "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME."

78.     Defendants' affirmation of fact and promise on O Organics Kombucha's labels that the products contain specified number of grams of sugar per serving and that the products "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME" became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the products would conform to Defendants' affirmations of fact, representations, promise, and description.

79.     Defendants breached their express warranty because O Organics Kombucha in fact contains substantially more (about 40 percent more) sugar than promised on the labels and because the products contain more than 0.5 percent alcohol by volume.  In short, O Organics Kombucha do not live up to Defendants' express warranties.

80.     Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased O Organics Kombucha if they had known the true facts; (b) they paid for O Organics Kombucha due to the mislabeling of the products; (c) they would not have purchased O Organics Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for O Organics Kombucha due to Defendants' false warranties and affirmations of fact; and (e) O Organics Kombucha did not have the characteristics or qualities as promised.

**COUNT V**

**Breach of Implied Warranty of Merchantability**

81.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

82.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. To be "merchantable," goods must, *inter alia*, "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the

1  agreement may require," and "conform to the promise or affirmations of fact made on the container

2  or label if any."

3        83.    Defendants, through their acts and omissions set forth herein, in their sale,

4  marketing, and promotion of O Organics Kombucha, impliedly warranted that (a) O Organics

5  Kombucha was a non-alcoholic beverage that could be lawfully purchased and safely consumed by

6  anyone at any time; and (b) that O Organics Kombucha was a low-sugar beverage.

7        84.    Defendants were merchants with respect to the goods of this kind which were sold

8  to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied

9  warranty that those goods were merchantable.

10        85.    However, Defendants breached that warranty implied in the contract for the sale of

11  O Organics Kombucha in that the products do not contain the "quality and quantity" of kombucha

12  beverages as impliedly warranted, and because O Organics Kombucha does not conform to the

13  promises made on their labels, as described herein.

14        86.    As a result of Defendants' conduct, Plaintiff and the Class did not receive goods as

15  impliedly warranted by Defendants to be merchantable in that they did not conform to the promises

16  and affirmations made on the container or label of the goods, and because they could not be safely

17  or lawfully sold or consumed without disclosing O Organics Kombucha's alcoholic content.

18        87.    Plaintiff and the Class members were injured as a direct and proximate result of

19  Defendants' breach because: (a) they would not have purchased O Organics Kombucha if they had

20  known the true facts; (b) they paid for O Organics Kombucha due to Defendants' implied

21  warranties; (c) they would not have purchased O Organics Kombucha on the same terms if they

22  had known the true facts; (d) they paid a price premium for O Organics Kombucha due to

23  Defendants' implied warranties; and (e) O Organics Kombucha did not have the characteristics or

24  qualities as impliedly warranted.

25

26

27

28

## COUNT VI

### Negligent Misrepresentation

88.     Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

89.     As discussed above, Defendants misrepresented that O Organics Kombucha was a non-alcoholic beverage and that O Organics Kombucha only had specified amounts of grams of sugar per serving, when, in fact, O Organics Kombucha is an alcoholic beverage and contains significantly more sugar (about 40 percent more) than advertised.

90.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

91.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about O Organics Kombucha.

92.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase O Organics Kombucha.

93.     Plaintiff and Class members would not have purchased O Organics Kombucha, or would not have purchased the products on the same terms, if the true facts had been known.

94.     The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII

### Fraud

95.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

96.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about O Organics Kombucha, including but not limited to the fact that O Organics Kombucha was falsely marketed as a non-alcoholic beverage and did not contain the proper alcohol warnings, and that O Organics Kombucha misrepresents the amount of sugar in the products.  These misrepresentations and omissions were made with knowledge of their falsehood.

97.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to purchase O Organics Kombucha.

98.     The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

### Unjust Enrichment

99.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

100.    Plaintiff and members of the Class conferred benefits on Defendants by purchasing O Organics Kombucha.

101.    Defendants have knowledge of such benefits.

102.    Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of O Organics Kombucha.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants falsely and misleadingly represented that O Organics Kombucha was a non-alcoholic beverage and did not include appropriate alcohol warnings, and further misrepresented the amount of sugar in O Organics Kombucha.  These misrepresentations caused injuries to Plaintiff and members of the Class because they would not have purchased O Organics Kombucha had the true facts been known.

103.   Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b)   For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c)   For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d)   For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e)   For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f)   For prejudgment interest on all amounts awarded;

g)   For an order of restitution and all other forms of equitable monetary relief;

h)   For injunctive relief as pleaded or as the Court may deem proper; and

i)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

CLASS ACTION COMPLAINT

24

1

Dated:  April 10, 2019

Respectfully submitted,

2

**BURSOR & FISHER, P.A.**

3

By:___*/s/ Yeremey Krivoshey*___
              Yeremey Krivoshey

4

5

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)

6

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596

7

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

8

E-Mail: ltfisher@bursor.com
            ykrivoshey@bursor.com

9

            fklorczyk@bursor.com

10

**BURSOR & FISHER, P.A.**

11

Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue

12

New York, NY 10019
Telephone: (212) 989-9112

13

Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

14

*Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Yeremey Krivoshey, declare as follows:

1.      I am counsel for Plaintiff, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because defendants O Organics LLC and Lucerne Foods, Inc., do substantial business in this District including the sale of the products at issue in this case.  Defendants are also headquartered in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 10, 2019 at Walnut Creek, California.

_____
Yeremey Krivoshey

VENUE DECLARATION