Timothy D. Reuben [State Bar #94312]
treuben@rrbattorneys.com
Daniel R. Lahana [State Bar #305664]
dlahana@rrbattorneys.com
**REUBEN RAUCHER & BLUM**
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 777-1990
Facsimile: (310) 777-1989

*Attorneys for Defendants O Organics LLC and Lucerne Foods, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FREEDLINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>O ORGANICS LLC and LUCERNE FOODS, INC.,<br><br>Defendants. | Case No.: 3:19-cv-01945-JD<br><br>[Assigned to Hon. James Donato]<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 12, 2019<br>Time: 10:00 a.m.<br>Dept.: Courtroom 11 |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I. INTRODUCTION .................................................................................1

II. LEGAL ARGUMENT ...........................................................................1

    A. Plaintiff Does Not Have Standing............................................................1

    B. Plaintiff's Fraud Based Claims Do Not Satisfy the Heightened Pleading Requirements of Rule 9(b) ........................................................3

    C. The Court Should Dismiss Or Stay This Case By Invoking The Primary Jurisdiction Doctrine ................................................................5

    D. Plaintiff's Proposed Nationwide Class Allegations Should Be Stricken.....................................................................................................7

    E. Plaintiff Fails to State Claims For Breach of Warranty ........................8

    F. Plaintiff Fails to State Claims For Negligent Misrepresentation and Fraud ..................................................................................................9

    G. Unjust Enrichment...................................................................................9

III. CONCLUSION ....................................................................................10

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE COMPLAINT**

# TABLE OF AUTHORITIES

**CASES**

*Aetna Co. & Sur. Co. V. Aniero Concrete Co.*,
   404 F.3d 566 (2d Cir. 2005)......................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................1

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ...................................................................................6

*Bruton v. Gerber Prods. Co.*,
   No. 15-15174, 2017 U.S. App. LEXIS 12833 (9th Cir. July 17, 2017) ...............10

*Calvert v. Walgreen Co.*,
   2014 WL 12780315 (W.D. Penn. May 6, 2014) .....................................................3

*Chacanaca v. Quaker Oats Co.*,
   752 F. Supp. 2d 1111 (N.D. Cal. 2010) ..................................................................5

*Coto Settlement v. Eisenberg*,
   593 F.3d. 1031 (9th Cir. 2010) ...............................................................................8

*Falk v. GMC*,
   496 F. Supp. 2d 1088 (N.D. Cal. 2007) ..................................................................9

*Goldman v. Bayer AG*,
   No. 17-cv-0647-PJH, 2017 U.S. Dist. LEXIS 117117 (N.D. Cal. July 26, 2017)
   ..............................................................................................................................10

*Granfield v. Nvidia Corp.*,
   No. C 11-05403 JW, 2012 U.S. Dist. LEXIS 98678 (N.D. Cal. July 11, 2012) ...7

*Hendricks v. StarKist Co.*,
   30 F. Supp. 3d 917 (N.D. Cal. Mar. 25, 2014) .......................................................6

*In re Apple & AT&TM Antitrust Litig.*,
   596 F. Supp. 2d 1288 (N.D. Cal. 2008)...................................................................7

*In re Flash Memory Antitrust Litig.*,
   643 F. Supp. 2d 1133 (N.D. Cal. 2009)...................................................................7

*Kane v. Chobani, LLC*,
   645 F. App'x 593 (9th Cir. 2016).............................................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................4

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ...................................................................................7

*Muir v. NBTY, Inc.*,
   No. 15 C 9835, 2016 U.S. Dist. LEXIS 129494 (N.D. Ill. Sep. 22, 2016) ...........3

*Rivas v. Physician Labs., Inc.*,
　2018 U.S. Dist. LEXIS 224324 (C.D. Cal. Oct. 24, 2018)...................................3

*SecureInfo Corp. v. Telos Corp.*,
　387 F. Supp. 2d 593 (E.D. Va. 2005) ..................................................................2

*Semegen v. Weidner*,
　780 F.2d 727 (9th Cir. 1985) ...............................................................................4

*Tortilla Factory, LLC v. Better Booch, LLC*,
　No. 2:18-cv-02980-CAS(SKx), 2018 U.S. Dist. LEXIS 156617 (C.D. Cal. Sep. 13, 2018) ................................................................................................................4

*Tortilla Factory, LLC v. Health-Ade LLC*,
　No. CV 17-9090-MWF (AFMx), 2018 U.S. Dist. LEXIS 157538 (C.D. Cal. July 13, 2018) ................................................................................................................5

*Tortilla Factory, LLC v. Makana Bev. Inc.*,
　2018 U.S. Dist. LEXIS 225504 (C.D. Cal. November 14, 2018) .........................5

*Tortilla Factory, LLC v. Rowdy Mermaid Kombucha LLC*,
　Case No. 18-cv-2984-R (C.D. Cal.)......................................................................5

*United States v. General Dynamics Corp.*,
　828 F.2d 1356 (9th Cir. 1987) ..............................................................................5

*Warren v. Fox Family Worldwide, Inc.*,
　328 F.3d 1136 (9th Cir. 2003) ..............................................................................1

**OTHER AUTHORITIES**

https://bdastesting.com/contact-us/............................................................................4

**RULES**

Federal Rule of Civil Procedure 9(b)......................................................................1, 4

Federal Rule of Evidence 201(b) ................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Opposition takes contradictory positions. First he argues that he has standing to sue for kombucha products that he never bought or consumed because the products are "substantially identical," while he simultaneously alleges that the products have significant differences in alcohol and sugar depending on external factors. Indeed, while he does not allege where the samples he tested came from or how many products he tested, Plaintiff does allege that his test samples varied by over 60%. Next, Plaintiff argues that the Court should not invoke the primary jurisdiction doctrine because the kombucha products are not alcoholic, while at the same time claiming that the products actually do contain alcohol. Finally, Plaintiff's Complaint fails to allege facts with adequate specificity as required by FRCP 9(b) and California case law, so his other claims also fail. Plaintiff's entire Complaint should be dismissed.

## II.

## LEGAL ARGUMENT

### A. Plaintiff Does Not Have Standing

Plaintiff does not allege that he tested *any* of the kombucha products that he actually purchased or consumed, nor does he allege how many products he purchased or consumed. Plaintiff nonetheless argues that "the Court must accept as true that all beverages within the O Organics Kombucha line, including those purchased by Plaintiff, contained elevated amounts of sugar and alcohol." Opp. 3:16-18. Not so. The Court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the Court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover,

1

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
OR STRIKE THE COMPLAINT**

the Federal Rules of Civil Procedure do not allow plaintiff to make inconsistent *factual* allegations. *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 617 (E.D. Va. 2005) ("Plaintiff's argument that it is protected from dismissal because it is permitted to allege alternative theories of recovery under Federal Rule of Civil Procedure 8(e)(2) is without merit because that rule does not allow plaintiffs to make inconsistent factual allegations.") *See also Aetna Co. & Sur. Co. V. Aniero Concrete Co.*, 404 F.3d 566, 594 (2d Cir. 2005) (stating that a plaintiff could not put forth alternative theories of recovery where "it must state allegations which are at odds with each other.")

Here, Plaintiff takes the contradictory position that he need not test the products he purchased or consumed merely because he alleges them to be "substantially identical," while at the same time he alleges that the alcohol and sugar content in kombucha fluctuates: "raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the beverage converts sugars into alcohol." Compl. ¶ 14. "The TTB makes clear that distributors and manufacturers (such as Defendants) cannot escape liability for failing to include the required alcohol warning statement even if the beverages become alcoholic *after* they are sold downstream to retailers or consumers that fail to refrigerate the beverages." (Emphasis in original). Comp. ¶ 24. As such, Plaintiff wants the Court to blindly accept his allegation that **all** the Defendants' kombucha products have elevated alcohol and sugar and are the same, while at the same time alleging that while the products may be manufactured with sufficiently minimal alcohol, the products' sugar and alcohol can and do change depending on external factors. Even Plaintiff's uncertain purported tests from kombucha purchased from who-knows-where-or-when varied dramatically.

The cases Plaintiff cites, *unpublished* district court decisions from other districts and circuits, are inapposite and distinguishable because they involved products **that did not fluctuate** depending on external factors such as their

2

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE COMPLAINT**

transportation, storage, and refrigeration. For example, *Rivas v. Physician Labs., Inc.*, 2018 U.S. Dist. LEXIS 224324, at *1 (C.D. Cal. Oct. 24, 2018), involved pH levels in bottled water; *Calvert v. Walgreen Co.*, 2014 WL 12780315 (W.D. Penn. May 6, 2014) involved glucosamine supplements stating they "rebuilt cartilage"; and *Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 U.S. Dist. LEXIS 129494, at *10 (N.D. Ill. Sep. 22, 2016) involved the amount of an active ingredient in supplements. The court in *Muir* also granted the motion to dismiss as to products plaintiff did not purchase: "Plaintiff Muir's claim is limited to the product he himself purchased." *Id.* at *12-13.

Here, Plaintiff alleges that the alcohol and sugar content is actually quite different in the products because of an alleged failure to refrigerate the products properly. Yet Plaintiff does not allege that he tested a kombucha product that he bought from the same store from which he had purchased prior products. Nor does he allege the tested products were purchased from the same time period. Nor does he allege how or which products he tested. And with the drastic difference in alcohol levels that Plaintiff alleges occurs on inadequate refrigeration, there is not a sufficient basis to support the conclusion that the products he purchased were non-compliant. As such, he simply does not have standing and cannot show causation without first alleging sufficient facts to allow a reasonable conclusion that the products he actually purchased or consumed were similar in alcohol and sugar content to the ones he tested. The entire Complaint should be dismissed.

**B.      Plaintiff's Fraud Based  Claims Do Not Satisfy the Heightened Pleading Requirements of Rule 9(b)**

Next, Plaintiff argues that his fraud based claims are pled with particularity because he mentioned (1) the lab; (2) the timeframe of the test ("Within the past two years." — which is far too vague); (3) that multiple bottles were tested (without alleging the number); (4) the results of the tests (only the range); and (5) that the test was scientifically valid (without alleging which test). Opp. 3:22-4:5.

3

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
OR STRIKE THE COMPLAINT**

These vague allegations are not sufficient to state a claim under Rule 9(b), which requires allegations to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Plaintiff's Opposition does not even address the fact that he fails to allege (1) specific facts regarding the test; (2) who bought the products; (3) whether there were multiple tests; (4) the fluctuation of the results of said tests; (5) which exact products were tested; (6) where the products were purchased; (7) when the products were purchased; or (8) where the testing occurred.[1] Moreover, Plaintiff's Opposition does not even attempt to support the even vaguer sugar claims, which only allege a percentage range difference and nothing else, and which also does not satisfy the specificity requirement set forth in FRCP 9(b).

Rather than address the deficiencies in his own Complaint, Plaintiff points to four unrelated and unpublished district court decisions involving different kombucha products and different complaints, all of the separate courts granted the motions to dismiss as to portions of the complaints, including sugar claims, and one dismissed the entire complaint with prejudice: *Tortilla Factory, LLC v. Better Booch, LLC*, No. 2:18-cv-02980-CAS(SKx), 2018 U.S. Dist. LEXIS 156617, at *1 (C.D. Cal. Sep. 13, 2018); *Tortilla Factory, LLC v. Health-Ade LLC*, No. CV 17-9090-MWF (AFMx), 2018 U.S. Dist. LEXIS 157538, at *2 (C.D. Cal. July 13,

---

[1] An internet search of the company that purportedly tested the kombucha products, Brewing & Distilling Analytical Services, LLC, shows that it is located in Lexington, Kentucky. (See https://bdastesting.com/contact-us/.) The Court may take notice of a fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018). Plaintiff does not allege where the testing occurred, how the products were sent to the testing facility, and how they were handled on the way to the out-of-state testing facility and whether they were properly refrigerated during this process.

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
OR STRIKE THE COMPLAINT**

2018); *Tortilla Factory, LLC v. Makana Bev. Inc.*, 2018 U.S. Dist. LEXIS 225504 * (C.D. Cal. November 14, 2018); and *Tortilla Factory, LLC v. Rowdy Mermaid Kombucha LLC*, Case No. 18-cv-2984-R (C.D. Cal.).

To the extent Plaintiff relies on the *Tortilla Factory* cases to show that his own complaint sufficiently alleges the fraud claims, the complaints are quite different, including the allegations involving the testing. The *Tortilla Factory* cases also differed because those cases were brought by a *competing* kombucha company which actually sold alcoholic kombucha. As such, Plaintiff's fraud claims, as to both the sugar and alcohol claims, are not pled with sufficient particularity and should be dismissed.

## C. The Court Should Dismiss Or Stay This Case By Invoking The Primary Jurisdiction Doctrine

Next, Plaintiff argues that there is no basis to invoke the primary jurisdiction doctrine because (1) the Court is "well-equipped to handle" the claims; (2) the kombucha products are not subject to the alcohol regulations; (3) and congressional input is speculative.

Plaintiff cites to *Chacanaca v. Quaker Oats Co.,* 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010). In *Chacanaca*, the court declined to invoke the primary jurisdiction doctrine because the issues involved photographs and terms, not "technical questions [that] require agency expertise." *Id*. In contrast, the issues involved in this case do involve technical testing of alcohol in kombucha products, which requires a unique expertise that Plaintiff even acknowledges throughout his Complaint by his reliance on the TTB's guidelines.

Plaintiff does not even cite to, let alone address, the factors used to determine whether a court should invoke the primary jurisdiction doctrine as set forth in *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987). Those factors favor dismissing or staying this case because it is indisputable that the TTB was directed by Congress to enforce the regulations

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE COMPLAINT**

involving alcohol in beverages. Moreover, the TTB has a specific expertise in enforcing these regulations, including determining the testing used, and creating and enforcing a uniform standard for kombucha products with alcohol. This expertise is better left to the TTB.

Next, Plaintiff takes the convenient position that TTB regulations do not apply to Defendants' kombucha products because they are not alcoholic "like wine and liquor." Opp. 9:28-10:6. If the kombucha products contain enough alcohol to make them alcoholic, as Plaintiff simultaneously claims, they are within the jurisdiction of the TTB, which has the expertise to regulate such products.

Finally, Plaintiff claims that Congress' proposed legislation on the issue is speculative. Plaintiff relies on *Hendricks v. StarKist Co.,* 30 F. Supp. 3d 917, 931 (N.D. Cal. Mar. 25, 2014), where the court refused to invoke the primary jurisdiction doctrine because defendants claimed they wrote a citizen's petition to the FDA. As anyone can petition the FDA, it was speculative whether the FDA or Congress would act on the petition. In contrast, there is actually a kombucha bill before the United States Senate which would affect the definition of alcohol in kombucha beverages. As such, the pending Congressional action is not at all "speculative."

Because the TTB and the United States Congress are actively addressing these issues, the Court should invoke the doctrine of primary jurisdiction, thereby also preserving judicial resources on a matter which may never need to be decided by this Court. (*Kane v. Chobani, LLC*, 645 F. App'x 593, 594 (9th Cir. 2016) ("We conclude that… judicial resources will be conserved by staying these proceedings); citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) ("[E]fficiency is the deciding factor in whether to invoke primary jurisdiction.") (citation omitted).

### D. Plaintiff's Proposed Nationwide Class Allegations Should Be Stricken

Finally, Plaintiff argues that striking the nationwide class allegations is premature and that the Complaint "adequately alleges that class treatment of Plaintiffs' claims is warranted." Opp. 11:28-12:1. This misstates Defendants' position which is: *out-of-state parties* cannot assert California law claims. The Complaint is completely devoid of other state laws or representatives from other states. As the Ninth Circuit explained: "each foreign state has an interest in applying its law to transactions within its borders," which means that, "if California law were applied to [a nationwide class], foreign states would be impaired in their ability to calibrate liability to foster commerce." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). It would be improper to allow a nationwide class based on California laws that would not apply to out-of-state putative class members.

Plaintiff completely fails to address any other state laws, instead requesting that this Court allow a nebulous "nationwide" class to proceed based solely on California law. "Where . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009) (citation omitted) (emphasis in original); see also *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) (dismissing claims based on consumer protection laws of every state from which no plaintiff was named). This is consistent with the holding in *Mazza* that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *See also Granfield v. Nvidia Corp.*, No. C 11-05403 JW, 2012 U.S. Dist. LEXIS 98678, at *1 (N.D. Cal. July 11, 2012).

As for striking the nationwide class claims at the pleading stage, Plaintiff acknowledges that the Court may procedurally do so at this time. Here, striking

7

the nationwide class allegations is appropriate because Plaintiff has not shown that putative class members from other states would have standing to enforce California's laws (they would not), has not set forth the other state laws, nor are there representatives from other states. Plaintiff's nationwide class claims should be stricken.

E. **Plaintiff Fails to State Claims For Breach of Warranty**

Plaintiff argues that pre-suit notice is not required because Defendants are manufacturers. Defendants did not manufacture the kombucha products and thus the cases Plaintiff cites are not applicable.

Next, Plaintiff requests that the Court accept counsel's declaration and exhibits as evidence that the pre-lawsuit notices were served. However, evidence on a motion to dismiss is improper and the Complaint's "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg,* 593 F.3d. 1031, 1038 (9th Cir. 2010). Accordingly, Plaintiff's request for the Court to incorporate the documents should be denied.

Finally, Plaintiff claims that even though he may not have relied on the purported false advertising in the labels, they "formed part of the basis of the bargain." Opp. 13:26-14:2. However, Plaintiff *also* alleges that he would actually be willing to purchase *the same formulation of the product*. Compl. ¶ 5. This is again inconsistent with Plaintiff's entire claim – if he would have purchased the product anyway, how can he be damaged?[2] Plaintiff fails to state a claim for breach of both express and implied warranty.

---

[2] To the extent Plaintiff claims he would have paid less money for the same product had it been labeled as alcoholic, that argument is unavailing because alcohol products are typically more expensive because of additional taxes and they also tend to be more appealing to many adults, including Plaintiff who admits he would still purchase the exact same product.

8

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
OR STRIKE THE COMPLAINT**

## F. Plaintiff Fails to State Claims For Negligent Misrepresentation and Fraud

Next, Plaintiff argues that his allegations concerning negligent misrepresentation and fraud are sufficiently pled because it is "plausible" that Defendants were negligent making their purported statements. Opp. 15:3-5. Fraud and negligent misrepresentation (which is a species of fraud) both require pleading with specificity under FRCP 9(b) and California law, including pleading specific facts (and not conclusions) showing that Defendant had actual knowledge and the intent to deceive. Here, Plaintiff has failed to do so.[3] Indeed, based on Plaintiff's allegations that the alcohol content varies based on refrigeration, how could Defendants have had actual knowledge?

Plaintiff argues that because he also alleged an "omissions theory" of fraud, he does not need the same specificity under *Falk v. GMC*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007). *Falk* found that because defendants had a duty to disclose material facts about its speedometers, plaintiffs' claim of fraud by omission was adequately pled. Here, Plaintiff did not allege with sufficient specificity that Defendants actively concealed, or had a duty to disclose material facts, like in *Falk*. Plaintiff's causes of action for negligent misrepresentation and fraud should be dismissed.

## G. Unjust Enrichment

Finally, Plaintiff claims that California recognizes unjust enrichment causes of action. Plaintiff selectively quotes an unpublished decision that is applicable only in a quasi-contract insurance context. The full quote actually states: "[T]he California Supreme Court has clarified California law, allowing an independent claim for unjust enrichment to proceed **in an insurance dispute**." (Emphasis

---

[3] Contrary to what Plaintiff contends, these arguments *do* apply to the sugar claims as well as the alcohol claims.

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE COMPLAINT**

added.) *Bruton v. Gerber Prods. Co.*, No. 15-15174, 2017 U.S. App. LEXIS 12833, at *2 (9th Cir. July 17, 2017). The "majority rule in California is that there is no standalone cause of action for 'unjust enrichment;'" *Goldman v. Bayer AG*, No. 17-cv-0647-PJH, 2017 U.S. Dist. LEXIS 117117, at *22 (N.D. Cal. July 26, 2017). Here, even if there is a cause of action for unjust enrichment, it would be limited to quasi-contract insurance claims, which are not at issue in this case. As such, the cause of action for unjust enrichment should be dismissed.

## III.

## **CONCLUSION**

For all of the abovementioned reasons, Defendants' Motion to Dismiss should be granted in its entirety without leave to amend.

DATED: July 26, 2019          REUBEN RAUCHER & BLUM

By: */s/ Daniel R. Lahana*
    Timothy D. Reuben
    Daniel R. Lahana
    Attorneys for Defendants