**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         ykrivoshey@bursor.com
         fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FREEDLINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O ORGANICS LLC, and LUCERNE FOODS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01945-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       September 12, 2019<br>Time:       11:00 a.m.<br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:19-cv-01945-JD

1  Plaintiff Gary Freedline ("Plaintiff") and Defendants O Organics LLC and Lucerne Foods, Inc. ("Defendants") (collectively, the "Parties"), submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

Plaintiff Gary Freedline filed the Complaint in this action on April 10, 2019.  ECF Doc. No. 1.  All parties have been served.  Plaintiff asserts that the Court has subject matter jurisdiction in this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff's claims and the claims of the other members of the putative Class exceed $5,000,000 exclusive of interest and costs, and there are numerous putative Class members who are citizens of states other than Defendants' states of citizenship.  The Parties agree that there are no existing issues regarding personal jurisdiction.  Defendants contend that the claims do not exceed $5,000,000 and that venue is more convenient in the Central District, which is where Plaintiff resides, where he purchased the products in question, and where the distribution center that distributes the products in question is located.

**2. Facts**

**a. Plaintiff's Statement**

Plaintiff alleges that Defendants manufacture, advertise, sell, market, and/or distribute a line of kombucha beverages, a type of fermented tea, called O Organics Kombucha.  Plaintiff alleges that O Organics Kombucha undergoes a natural, continued fermentation process that causes the beverages to become increasingly alcoholic over time, such that, at the time of sale and consumption, the beverages contain more than twice the alcohol by volume content allowed for non-alcoholic beverages.  Accordingly, Plaintiff alleges that the beverages cannot lawfully be sold without proper disclosure that the beverages contain a high alcohol content.  Plaintiff also alleges that the labels of O Organics Kombucha understate the amount of sugar in the beverages.

Plaintiff asserts a putative class action alleging that Defendants falsely and deceptively labeled, packaged, and/or marketed its O Organics Kombucha beverages, including through an

express "promise" that O Organics Kombucha "CONTAINS LESS THAN 0.5% ALCOHOL BY VOLUME." But Defendants' promise is a sham. In fact, TTB accredited lab results show that O Organics Kombucha has greater than 0.5 percent alcohol by volume and contains excess sugar. Not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit. Because O Organics Kombucha does not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiff, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications. Plaintiff paid a tangible increased cost for Defendants' O Organics Kombucha beverages, which were worth less than represented because Defendants' representations and omissions concerning nutritional content were not true and highly misleading. Plaintiff purchased the O Organics Kombucha beverages in reliance on Defendants' misrepresentations. Plaintiff alleges that such sales practices are misleading to reasonable consumers, and have caused consumers financial harm. Plaintiff seeks relief in this action individually, and on behalf of all purchasers of Defendants' O Organics Kombucha beverages.

The principal factual issues in dispute include whether O Organics Kombucha contains more alcohol than permitted for non-alcoholic beverages, whether O Organics Kombucha contains more sugar than listed on the beverages' labels, and whether Plaintiff and members of the putative class have been harmed, and the extent of their harm.

   b. **Defendants' Statement**

Defendant denies the allegations in the Complaint. Defendants sell O Organics Kombucha, a fermented tea type of beverage. Defendants' kombucha is repeatedly tested for alcohol at various points of production and O Organics Kombucha complies with all federal and state regulations and its products do not contain more than .5% alcohol per volume. O Organics Kombucha also accurately represents its sugar content.

There are a number of fatal flaws with Plaintiff's case. First, Plaintiff will not be able to introduce any admissible evidence showing that Defendant's kombucha products violated any federal or state regulations pertaining to alcohol. Also, Plaintiff lacks standing because he failed to allege that the kombucha he consumed had excessive alcohol and Plaintiff fails to allege facts

JOINT CASE MANAGEMENT STATEMENT                                                         2
CASE NO. 3:19-cv-01945-JD

sufficient to state any claims for relief. Class treatment is also inadequate because Plaintiff cannot show there is commonality, typicality or that a class action is adequate. Finally, because the amount of alcohol pertaining to kombucha products is currently being discussed in the United States Congress, there is a pending KOMBUCHA bill that may change the regulation regarding the amount of alcohol permitted in kombucha products, the Court should dismiss or stay this proceeding under the primary jurisdiction doctrine.

Finally, it is impossible for Plaintiff to prove that he, or any putative class members, suffered any damages whatsoever. Plaintiff and putative class members received the products they bargained for and they consumed the products. It is impossible to calculate any damages, and even if damages could somehow be calculated, they would be *de minimis*.

### 3. Legal Issues

Plaintiff asserts the following claims: (i) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; (ii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (iii) violation of California's False Advertising Law, California Business & Professions Code §§ 17500, et seq.; (iv) breach of express warrant; (v) breach of the implied warranty of merchantability; (vi) negligent misrepresentation; (vii) fraud; and (viii) unjust enrichment.

The main legal issues concern whether O Organics Kombucha is misbranded, whether the labeling, marketing, and promotion of O Organics Kombucha is false and misleading; whether the proposed class can be certified under Rule 23, and whether Plaintiff will be able to show a legally cognizable theory of damages.

Defendants assert that the legal issues involve Plaintiff's inability to prove he, or any other putative class member, suffered any damages. Other legal issues include Plaintiff's inability to certify a class because he will not be able to prove that there is commonality or typicality, or that a class action would be adequate. Finally, there are additional legal issues regarding the adequacy of Plaintiff's alcohol tests and their admissibility.

### 4. Motions

On July 5, 2019, Defendants filed a Motion to Dismiss or Strike the Complaint. *See* ECF Doc. No. 18. Defendant's motion is currently pending. As discussed below, Plaintiff anticipates filing an amended complaint and a motion for class certification. Defendants anticipate filing a Motion for Summary Judgment and may also file a Motion to Change Venue.

### 5. Amendment of Pleadings

Plaintiff intends to amend the complaint to add a claim for damages under the CLRA. Otherwise, while Plaintiff does not presently intend to amend the substantive allegations, Plaintiff may amend the complaint in light of the outcome of the currently pending motion to dismiss.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The Parties have met and conferred and have agreed to make initial disclosures on or by October 6, 2019.

### 8. Discovery

To date, no discovery has been served by any party. Plaintiff anticipates seeking discovery, *inter alia*, regarding: (i) the content of Defendants' advertisements, product labels, marketing materials, and other public statements; (ii) studies, testing, investigation, or analysis regarding the alcohol and sugar content of O Organics Kombucha; (iii) Defendants' formulation of O Organics Kombucha; (iv) any marketing studies or analysis conducted regarding the claims at issue; (v) agreements with retailers and distributors regarding the marketing and distribution of O Organics Kombucha; (vi) communications with any government agencies regarding the claims at issue, (vii) the identities and number of people who have purchased O Organics Kombucha, (viii) the amount

of revenue, nationally, and by state, derived by Defendants from the sale of O Organics Kombucha, and (ix) the pricing of O Organics Kombucha beverages.

Defendants anticipate seeking discovery regarding (i) all aspects of Plaintiff's purported purchase of any of O Organic's Kombucha products; (ii) all aspects of the purported testing of O Organic's Kombucha products; (iii) all aspects of any purported damages Plaintiff or any other putative class member claims to have suffered.

## 9. Class Actions

The Parties propose that Plaintiff's deadline to file a motion for class certification shall be on April 25, 2020.

## 10. Related Cases

The Parties are not presently aware of any pending related cases.

## 11. Relief

Plaintiff seeks damages, restitution, disgorgement, injunctive, and/or monetary relief in excess of $5,000,000, as well as reasonable attorney's fees and costs. As discovery has only recently commenced, and the deadline for expert disclosures has not passed, it is premature to determine the precise method of calculating damages. Nonetheless, Plaintiff will be seeking damages based on, inter alia, price premium and/or full refund theories.

Defendants deny any liability and deny that any relief is appropriate.

## 12. Settlement and ADR

On June 26, 2019, the Parties filed their respective ADR certifications. The Parties prefer private mediation over other ADR options. However, the Parties require taking of initial discovery and a ruling on the pending motion to dismiss prior to engagement in further settlement discussions.

## 13. Consent to Magistrate Judge for All Purposes

The Parties *do not* consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

### 16. Expedited Trial Procedure

The Parties do not believe that this case is suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

### 17. Scheduling

The Parties propose the following schedule for the case:

- Completion of fact discovery on August 3, 2020;
- Parties to exchange Rule 26 expert disclosures on or by September 30, 2020;
- Parties to exchange rebuttal expert disclosures on or by October 30, 2020;
- Completion of expert discovery on or by November 18, 2020;
- Hearing on Motions for Summary Judgment on or by March 4, 2021 at 10:00 a.m.;
- Completion of pre-trial conference on March 18, 2021, at 1:30 p.m.;
- Commencement of trial on April 5, 2021, at 9:00 a.m.

### 18. Trial

The Parties request a jury trial.  Though it is difficult to estimate the length of trial at this stage, the parties preliminarily anticipate that the trial will last between 7-14 days.

### 19. Disclosure of Non-party Interested Entities or Persons

The Parties will file their Certification of Interested Entities or Persons required by Civil Local Rule 3-15 on or by September 11, 2019.

### 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 5, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Yeremey Krivoshey*
      Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
      ykrivoshey@bursor.com
      fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

Dated: September 5, 2019

**REUBEN RAUCHER & BLUM**

By: */s/ Timothy D. Reuben*
      Timothy D. Reuben

Timothy D. Reuben (State Bar No. 94312)
Daniel R. Lahana (State Bar No. 305664)
12400 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 777-1990
Facsimile: (310) 777-1989
E-Mail: treuben@rrbattorneys.com
      dlahana@ rrbattorneys.com

*Attorneys for Defendants O Organics LLC and Lucerne Foods, Inc.*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:19-cv-01945-JD

7