UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY FREEDLINE,

    Plaintiff,

  v.

O ORGANICS et al.,

    Defendants.

Case No. 19-cv-01945-JD

**ORDER RE NATIONAL CLASS**

Re: Dkt. No. 32

In this putative class action, plaintiff Gary Freedline alleges that defendants O Organics LLC and Lucerne Foods, Inc., O Organics' parent company (together, O Organics), misled consumers about the alcohol and sugar content in their kombucha beverage products. Dkt. No. 1. Freedline sued on behalf of a California consumer class and a national consumer class for claims under the California Consumers Legal Remedies Act (CLRA), the Unfair Competition Law (UCL), the False Advertising Law (FAL), breach of express and implied warranties, negligent misrepresentation, common law fraud, and unjust enrichment. *Id.* The Court dismissed the unjust enrichment claim with prejudice, and all claims for sugar content with leave to amend. Dkt. No. 27. Freedline chose not to amend, so the sugar claims are now out of the case. The Court declined to take up O Organics' challenge to a national class for the California state law claims because the parties' arguments were underdeveloped. *Id* at 7.

The Court invited supplemental briefs on the national class issue, which the parties filed. Dkt. Nos. 32, 34, 35. The specific question at hand is whether Freedline may bring claims under California state law on behalf of a national class of consumers. The parties' familiarity with the record is assumed, and the answer is no.

1    O Organics challenges the national class allegations under Federal Rules of Civil
2    Procedure 12(b)(6) and 12(f). Although some courts have accepted Rule 12(f) as a basis for
3    deciding the appropriateness of class action issues, this Court considers it a poor fit for that. *See*
4    *Milan v. Clif Bar & Co.*, No. 18-CV-02354-JD, 2019 WL 3934918, at *3 (N.D. Cal. Aug. 20,
5    2019). Rule 12(f) is directed to striking "from a pleading an insufficient defense or any redundant,
6    immaterial, impertinent, or scandalous matter." This plain language does not apply in an obvious
7    way to a technical legal dispute about choice of law for a national consumer class. An allegation
8    that California state law claims might be brought on behalf of a national class is hardly the stuff of
9    scandal or impertinence.

10   Rule 23 proceedings are the optimal basis for deciding this issue. *See Milan v. Clif Bar &*
11   *Co.*, No. 18-CV-02354-JD, 2020 WL 5760450, at *3 (N.D. Cal. Sept. 28, 2020). Even so, a Rule
12   12(b)(6) motion may also be appropriate for evaluating the adequacy of a national state-law class
13   allegation. The Court has considered similar class allegations in other cases under Rule 12(b)(6),
14   and will do the same for this motion. *See, e.g., Van Mourik v. Big Heart Pet Brands, Inc.*, No.
15   3:17-CV-03889-JD, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018); *In re Capacitors Antitrust*
16   *Litig.*, 106 F. Supp. 3d 1051, 1073-74 (N.D. Cal. 2015). The Court provided the governing
17   standards for Rule 12(b)(6) in the prior dismissal order, *see* Dkt. No. 27 at 3, and applies them
18   here.

19   Freedline's national class allegations are straightforward. As detailed in the prior order,
20   the complaint plausibly alleges that the labels on O Organics' kombucha drinks falsely represented
21   that they had an alcohol content below 0.5 percent. Dkt. No. 27. Because O Organics is a national
22   supplier of kombucha, Dkt. No. 1 ¶ 6, Freedline seeks to bring the California state law claims on
23   behalf of "all persons in the United States who purchased O Organics Kombucha beverages," *id.* ¶
24   32. Freedline himself is a "citizen of California" who purchased these drinks only from "stores
25   within California." *Id.* ¶ 5.

26   There is no doubt that Freedline may bring California-law claims on behalf of other
27   California consumers, but the putative class stops at the state border unless he can establish that
28   "California law applies to all putative class members." *Razuki v. Nationstar Mortg., LLC*, No. 18-

CV-03343-JD, 2020 WL 1478374, at *3 (N.D. Cal. Mar. 26, 2020). Freedline does not argue otherwise. *See* Dkt. No. 34 at 3.

The national class raises a choice-of-law question. Because this case is before the Court under the Class Action Fairness Act, an offshoot of diversity jurisdiction, the Court may apply California law to nationwide class claims only if that would be consistent with California's choice-of-law principles. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc); *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155, 1167-68 (N.D. Cal. 2016). These principles require the Court to take into account (1) any material differences between California law and the laws of other states and (2) the degree to which other states would be interested in having their own law apply, so that (3) the Court may apply "the law of the state whose interests would be 'more impaired' if its law were not applied." *Washington Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919-20 (Cal. 2001) (citation omitted). Differences are material when they "spell the difference between the success and failure of a claim." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012). O Organics is calling for the application of other states' laws, and does not argue that applying California law to the nationwide class would be unconstitutional, so it bears the burden of showing that California law should not apply. *See id.* at 589-90.

The first inquiry in the choice-of-law analysis is satisfied here. O Organics has identified significant differences in reliance and scienter requirements, and remedies, between the California consumer protection statutes in the complaint and corresponding statutes in other states -- differences that the Ninth Circuit has already held to be material for choice-of-law purposes. *See* Dkt. No. 32 at 6; *Mazza*, 666 F.3d at 591. For the common-law claims in the complaint, "It is well-established that these common law actions vary materially among the states." *Van Mourik*, 2018 WL 1116715, at *2.

The second inquiry also weighs against using California law nationally. Every state has a "strong interest" in applying its consumer protection laws to transactions within its borders that affect its residents. *Mazza*, 666 F.3d at 592. This is because it is a "principle of federalism that each state may make its own reasoned judgment about what conduct is permitted or proscribed in

3

its borders," and set its own "baseline of corporate liability for consumer harm" so as to balance consumer protection with a favorable business environment. *Id.* at 591-92 (internal citation and quotations omitted).

Consequently, California law may be used for the national class only if "the interests of other states are not found to outweigh California's interest in having its law applied." *Washington Mut. Bank*, 24 Cal. 4th at 921. Freedline says this factor tilts in his favor because O Organics "brews and bottles its O Organics Kombucha beverages in California," is headquartered there, and does a "substantial" amount of its "advertising, labelling, manufacturing, and testing of O Organics Kombucha" in California, Dkt. No. 1 ¶¶ 6-8, and because O Organics' "misleading marketing" activities "emanated from" its California headquarters, *id.* ¶ 9.

Even so, that is not enough to overcome other states' interests in having their own consumer protection laws applied to their residents. *See Mazza*, 666 F.3d at 590, 594 (California law inapplicable to nonresidents' UCL, CLRA, and FAL claims against California corporation); *Van Mourik*, 2018 WL 1116715, at *2 (Texas law applied to Texan's consumer protection claims despite allegation that marketing and advertising of defendant's products "emanates" from its "business headquarters in San Francisco, California"). California "recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest. California considers the place of the wrong to be the state where the last event necessary to make the actor liable occurred." *Mazza*, 666 F.3d at 593 (internal citations and quotations omitted). Here, that is "where the allegedly fraudulent advertisements were seen rather than where they were created," *Van Mourik*, 2018 WL 1116715, at *3, because "the last events necessary for liability as to the foreign class members -- communication of the advertisements to the claimants" and their "reliance" on them in purchasing kombucha -- "took place in the various foreign states, not in California," *Mazza*, 666 F.3d at 594. Consequently, California's "interest in applying its own laws on behalf of non-residents is 'attenuated'" compared to the interests of other states. *Van Mourik*, 2018 WL 1116715, at *3 (quoting *Mazza*, 666 F.3d at 594). This conclusion is bolstered by a strong presumption against applying the UCL and CLRA to transactions outside the state. *See id.*; *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (Cal. 2011).

4

## CONCLUSION

The nationwide class claims are dismissed without prejudice. Freedline may join new named plaintiffs, create different subclasses "for materially different bodies of state law," *Mazza*, 666 F.3d at 594, or otherwise amend his complaint in a manner consistent with this Order. If he chooses to amend, he must file an amended complaint by November 23, 2020.

**IT IS SO ORDERED.**

Dated: October 27, 2020

JAMES DONATO
United States District Judge