1  Timothy D. Reuben [SBN 94312]
   treuben@rrbattorneys.com
2  Stephen L. Raucher [SBN 162795]
   sraucher@rrbattorneys.com
3  Michael T. Gluk [SBN 326670]
   mgluk@rrbattorneys.com
4  **REUBEN RAUCHER & BLUM**
   12400 Wilshire Boulevard, Suite 800
5  Los Angeles, California 90025
   Telephone:   (310) 777-1990
6  Facsimile:   (310) 777-1989

7  *Attorneys for Defendants O Organics LLC and Lucerne Foods, Inc.*

8

9                  **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| GARY FREEDLINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>O ORGANICS LLC and LUCERNE FOODS, INC.,<br><br>Defendants. | Case No.: 3:19-cv-01945-JD<br><br>[Assigned to Hon. James Donato]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   TBD<br>Time:   TBD<br>Dept.:  Ctrm 11 |

---

**DEFENDANTS' MOTION TO DISMISS THE MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant O Organics, LLC and Lucerne Foods, Inc. (collectively, "Defendants"), will and hereby do move this Court for an order dismissing the multistate class claims from Plaintiff Gary Freedline's ("Plaintiff") Amended Complaint ("FAC") with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On these grounds, Defendants move to dismiss the following causes of action:

1. Count I for "Violation of Consumer Fraud Acts" on behalf of the putative "Consumer Fraud Multi-State Class";

2. Count V for "Breach of Express Warranty" on behalf of the putative "Multi-State Express Warranty Class";

3. Count VI for "Breach of Implied Warranty" on behalf of the putative "Multi-State Implied Warranty Class"; and

4. Count IX for "Fraud" on behalf of the putative "Consumer Fraud Multi-State Class."

This Court will set a hearing date, if warranted, after the briefing is closed. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the record in this action, and any evidence and arguments that may be presented at or before the hearing.

DATED: December 22, 2020                REUBEN RAUCHER & BLUM

By: */s/ Timothy D. Reuben*
      Timothy D. Reuben
      Stephen L. Raucher
      Michael T. Gluk
   Attorneys for Defendants O Organics LLC &
   Lucerne Foods, Inc.

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................................... 2

      A.   The Original Complaint......................................................................................... 2

      B.   The Court Dismisses Plaintiff's National Class Claims With Leave To Amend, Finding That Plaintiff Cannot Apply California Law Nationwide.......................... 3

      C.   The FAC Proposes Three Multistate Classes Without Adding New Factual Allegations, New Plaintiffs, Or Specifying The Laws It Purports To Apply ......... 3

III.  ARGUMENT .................................................................................................................. 5

      A.   Legal Standards: Rules 12(b)(1) and 12(b)(6) ....................................................... 5

      B.   Plaintiff Lacks Standing To Bring Claims Under The Laws Of Any State Except California, So The Multistate Class Claims Must Be Dismissed Under Rule 12(b)(1) ......................................................................................................... 6

      C.   Plaintiff's Multistate Class Claims Are Inadequately Pled Under Rule 12(b)(6) ... 8

           1.   Plaintiff Does Not Identify the Law He Seeks to Apply ............................. 8

           2.   Plaintiff Does Not Plead the Specific Elements of His Claims................... 9

           3.   Plaintiff's Multistate Classes Should Be Dismissed Regardless Of Which State's Laws He Intends To Apply................................................. 10

      D.   The Multistate Class Claims Should Be Dismissed With Prejudice .................... 10

IV.   CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) ............................................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 6

*Avoy v. Turtle Mountain, LLC*,
   2014 U.S. Dist. LEXIS 19241 (N.D. Cal. Feb. 14, 2014) ..................................................... 5

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ........................................................................................... 6, 10

*Chavez v. Wal-Mart Stores, Inc.*,
   2014 U.S. Dist. LEXIS 200765 (C.D. Cal. Mar. 3, 2014) ..................................................... 9

*Dutra v. BFI Waste Mgmt. Sys. of N. Am., Inc.*,
   2015 U.S. Dist. LEXIS 63631 (N.D. Cal. May 13, 2015) ................................................... 11

*In re Big Heart Pet Brands Litig.*,
   2019 U.S. Dist. LEXIS 229340 (N.D. Cal. Oct. 4, 2019) ...................................................... 7

*In re Capacitors Antitrust Litigation*,
   154 F. Supp. 3d 918 (N.D. Cal. 2015) ........................................................................... 2, 6, 7

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*,
   2020 U.S. Dist. LEXIS 197736 (N.D. Cal. Oct. 23, 2020) .................................................... 8

*In re Nexus 6P Prods. Liab. Litig.*,
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ................................................................................... 9

*In re Sony Grand WEGA Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) .......................................................................... 10, 11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   781 F. Supp. 2d 955 (N.D. Cal. 2011) ................................................................................... 9

*Jones v. Micron Technology Inc.*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019) ........................................................................... 5, 6, 7

*Lewis v. Casey*,
   518 U.S. 343 (1996) .............................................................................................................. 6

*Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*,
   2014 U.S. Dist. LEXIS 133540 (N.D. Cal. Sept. 22, 2014) .................................................. 9

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ............................................................................................... 5

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ...................................................................................... 1, 3, 10

*Razuki v. Nationstar Mortg., LLC*,
   2020 U.S. Dist. LEXIS 53992 (N.D. Cal. Mar. 26, 2020) .......................................... 6, 8, 10, 11

*Romero v. Flowers Bakeries, LLC*,
   2016 U.S. Dist. LEXIS 15868 (N.D. Cal. Feb. 8, 2016) ................................................................ 9

*Schertzer v. Bank of Am., N.A.*,
   445 F. Supp. 3d 1058 (S.D. Cal. 2020) ........................................................................................ 7

*Soo v. Lorex Corp.*,
   2020 U.S. Dist. LEXIS 164664 (N.D. Cal. Sep. 8, 2020) ......................................................... 6, 7

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ...................................................................................................... 6

*Stemmelin v. Matterport, Inc.*,
   2020 U.S. Dist. LEXIS 209530 (N.D. Cal. Nov. 7, 2020) ............................................................ 8

*Van Mourik v. Big Heart Pet Brands, Inc.*,
   2018 U.S. Dist. LEXIS 34796 (N.D. Cal. Mar. 1, 2018) .............................................. 2, 5, 9, 10

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........................................................................................ 6

**RULES**

Federal Rule of Civil Procedure 9(b) ................................................................................................ 7

Federal Rule of Civil Procedure 12(b)(1) ................................................................................. passim

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 2, 6, 10, 14

# I. INTRODUCTION

Gary Freedline ("Plaintiff"), the only named plaintiff in this putative class action, filed the operative Amended Complaint ("FAC") following this Court's dismissal of his California state law claims brought on behalf of a putative nationwide consumer class. Like the original Complaint, the FAC alleges that O Organics, LLC and Lucerne Foods, Inc. (collectively, "Defendants") mislabeled their O Organics Kombucha products' alcohol content, on which Plaintiff bases claims under various state consumer protection statutes and related common laws. Plaintiff again attempts to represent consumers outside of his home state of California, this time by alleging three multistate classes of consumers who purchased Defendants' products in California and twenty-six other specified jurisdictions. Dkt. 39 ("FAC") ¶ 30. As with the nationwide claims, these multistate class claims are patently defective and must be dismissed.

In its March 31, 2020 Order on Defendants' original motion to dismiss, this Court solicited supplemental briefing on Defendants' request to dismiss the national class allegations and stated that "it is not inappropriate" to take up, at the pleading stage, Freedline's ability to represent consumers "outside of California … either by applying California law nationwide, or under the laws of other states." Dkt. 27 at 7:7-13. The Court ultimately dismissed the national class claims, rejecting Plaintiff's argument that he could apply California state law nationwide. The Court did allow Plaintiff to amend the Complaint to attempt to state claims on behalf of non-California consumers, and even suggested that he could possibly either "join new named plaintiffs" or "create different subclasses 'for materially different bodies of state law.'" Dkt. 37 at 5 (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012)).

The FAC does neither. Nor does the FAC allege that Plaintiff purchased Defendants' products in any state other than California. Thus, the FAC fails to allege facts which would confer Article III standing to bring claims under the laws of any state other than California, and these claims must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure[1] 12(b)(1). *See*, *e.g.*, *In re Capacitors Antitrust Litigation*, 154 F. Supp. 3d 918,

---

[1] The Federal Rules of Civil Procedure are hereinafter referred to as the "Rules," or individually, as "Rule."

1

**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

924 (N.D. Cal. 2015) (Article III standing for state law consumer protection claims requires "in-state injury in the form of an in-state purchase"; dismissing claims from states in which no named plaintiff had made a purchase).

Moreover, the FAC does not sufficiently specify which state or states' laws Plaintiff purports to apply to the multistate classes, let alone plead entitlement to relief under the elements of these laws. Thus, the multistate classes are inadequately pled and must be dismissed under Rule 12(b)(6). *See, e.g., Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 U.S. Dist. LEXIS 34796, at *5-6 (N.D. Cal. Mar. 1, 2018) (dismissing California plaintiff's claims on behalf of a multistate class as inadequately pled where the plaintiff "does not specify which state's laws she means to sue under, nor does she clearly address the elements of any of these claims.")

This is the second motion to dismiss targeting Plaintiff's efforts to bring claims on behalf of a putative class of consumers beyond California's borders. Although the Article III standing requirements and federal pleading standards on which this Motion is based have previously been addressed at length in this Court's orders and in the parties' briefing, Plaintiff appears to have ignored these requirements in bringing the FAC. Accordingly, Defendants respectfully request that this Court dismiss the multistate class claims from the FAC with prejudice.

## II. FACTUAL BACKGROUND

### A. The Original Complaint

Plaintiff Gary Freedline ("Plaintiff") filed the initial Complaint against Defendants O Organics LLC and Lucerne Foods, Inc. (collectively, "Defendants") on April 10, 2019, alleging that Defendants mislabeled their O Organics Kombucha products' alcohol and sugar content, allegedly in violation of various California consumer protection statutes and related common laws. Dkt. 1. Although the Complaint alleged that Plaintiff was a citizen of California who purchased these products only from grocery stores in California, Plaintiff sought to bring these claims on behalf of "a Class consisting of all persons in the United States who purchased O Organics Kombucha beverages" under Rule 23. *Id.* ¶¶ 5, 32.

///

///

2

**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

B. **The Court Dismisses Plaintiff's National Class Claims With Leave To Amend, Finding That Plaintiff Cannot Apply California Law Nationwide**

On March 31, 2020, this Court granted in part and denied in part Defendants' Motion to Dismiss or Strike the Complaint. Dkt. 27. The Court dismissed, with leave to amend, all claims with respect to the sugar content of Defendants' products, and dismissed the unjust enrichment claims with prejudice. *Id*. at 4:5-13, 7:3-6. Plaintiff did not amend his Complaint by April 30, 2020, so the only claims remaining stem from allegations that Defendants falsely represented on the labels to their kombucha drinks that the drinks had an alcohol content below 0.5 percent. Dkt. 37 at 2:19-21. The Court initially declined to rule on Defendants' request to strike the allegation of a nationwide class, determining that the parties would benefit from more extensive briefing. *Id.* at 7:7-19. Defendants filed a Supplemental Motion to Dismiss on May 28, 2020, in which they argued at length that Plaintiff lacks standing to bring claims under the laws of any state other than California because Plaintiff had alleged no injury in another state. Dkt. 32 at 3:19-4:20. In opposition, Plaintiff made clear, for the first time, that he intended to apply only California law to putative members of the nationwide class. Dkt. 34 at 3.

The Court granted Defendants' Motion and dismissed the national class claims on October 27, 2020. Dkt 37. Having determined that Plaintiff could not apply California law nationwide, "the putative class stops at the state border unless [he] can establish that California law applies to all putative class members." *Id.* at 2:26-28. The Court allowed that Plaintiff "may join new named plaintiffs, create different subclasses for 'materially different bodies of law' [], or otherwise amend his complaint in a manner consistent with this Order." *Id.* at 5:2-5 (quoting *Mazza*, 666 F.3d at 954).

C. **The FAC Proposes Three Multistate Classes Without Adding New Factual Allegations, New Plaintiffs, Or Specifying The Laws It Purports To Apply**

Plaintiff filed the FAC on November 23, 2020. Freedline remains the only named plaintiff, and he is still only alleged to have purchased Defendants' products in California grocery stores. FAC ¶ 4. Like the original Complaint, the FAC alleges that Defendants are both Delaware corporations headquartered in California, and as such, Defendants' allegedly

3

**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

misleading conduct was conceived and controlled from their joint California headquarters. *Id.* ¶¶ 5-8. It also re-alleges the same seven California statutory and common law claims on behalf of a subclass of California consumers.[2] *Id.* ¶¶ 40-98.

What Plaintiff has changed in the FAC are the claims he purports to bring on behalf of a consumer class that extends beyond the California border. The FAC abandons the attempt to bring all claims on behalf of a sweeping national class. Instead, the FAC purports to bring only four claims on behalf of three different multistate classes consisting of "all persons … who purchased O Organics Kombucha beverages" in a number of specified jurisdictions. *Id.* ¶ 30. Plaintiff names a total of twenty-six non-California jurisdictions among the three classes.

The three multistate classes in the FAC are as follows: First, a "Consumer Fraud Multistate Class" consisting of purchasers in California and nine other specified jurisdictions. *Id.* ¶¶ 30, 40-44. On behalf of this class, Plaintiff purports to bring claims for "violation of consumer fraud acts" (Count I) (*id.* ¶¶ 40-44) and for common-law "fraud" (Count IX) (*id.* ¶¶ 95-98). Plaintiff simply lists in a footnote specific statutes both for California and for each of the nine other states as to the "consumer fraud acts" claim (Count I). He does not specify which state or states' statutes he seeks to apply, does not detail the elements of any statute, and does not separately allege facts for each state statute that would plausibly entitle him to relief thereunder.[3] As to Count IX for common-law fraud, Plaintiff similarly does not indicate which states' laws he intends to apply, and in fact does not even identify the relevant laws of the various jurisdictions.

In Count V for common-law breach of express warranty, Plaintiff proposes a "Multi-State Express Warranty Class" consisting of all purchasers in California and also a different set

---

[2] Consistent with this Court's order dismissing the national class, which stated that "there is no doubt that Freedline may bring California-law claims on behalf of California consumers," although Defendants dispute the legitimacy of these claims, they do not now challenge them, but will bring appropriate motions for summary judgment to do so. Dkt. 37 at 2:26-27.

[3] Footnote No. 9 of the FAC only states: "California (Cal. Bus. & Prof. Code § 17200, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 Ill. Comp. Stat. 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. § 407.010, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New York (N.Y. Gen. Bus. Law §§ 349, 350, et seq.); and Washington (Wash. Rev. Code § 19.86.010, et seq.)." *Id.* ¶ 41, fn. 9.

4
**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

of all purchasers in nine other jurisdictions. *Id.* ¶¶ 30, 75-80.  Regarding Count VI for breach of implied warranty, Plaintiff proposes a "Multi-State Implied Warranty Class" consisting of all purchasers in California and in twenty-four other jurisdictions. *Id.* ¶¶ 30, 81-88.  Plaintiff neither alleges which states' laws he intends to apply to either multistate warranty class nor identifies the relevant laws of the various jurisdictions.[4]

### III.   ARGUMENT

**A.   Legal Standards: Rules 12(b)(1) and 12(b)(6)**

A complaint may fail for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Challenges to a plaintiff's Article III standing "implicate a court's subject matter jurisdiction and therefore are properly raised under Federal Rule of Civil Procedure 12(b)(1)." *Jones v. Micron Technology Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011) (Article III standing is "a threshold question"; a finding that a plaintiff lacks standing to assert a claim "requires dismissal for lack of subject matter jurisdiction … and does not require analysis of the merits.")  "To establish standing, a plaintiff has the burden to demonstrate (i) that he suffered an injury-in-fact, (ii) which resulted from the defendant's conduct, and (iii) that a favorable ruling would redress the injury." *Id.*  These requirements apply to product mislabeling class actions with the same force they apply to any other action in federal court. *See*, *e.g.*, *Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *2-4; *Avoy v. Turtle Mountain, LLC*, 2014 U.S. Dist. LEXIS 19241, at *8-9 (N.D. Cal. Feb. 14, 2014).

In addition, Rule 12(b)(6) requires dismissal where a plaintiff "fail[s] to state a claim upon which relief can be granted[.]"  Dismissal for failure to state a claim is proper if there is a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable

---

[4] The causes of action alleged in the FAC on behalf of the California subclass are identical to those stated in (and not dismissed from) the Complaint: the Consumer Legal Remedies Act under Cal. Civ, Code § 1750 ("CLRA") (FAC ¶¶ 45-57) (Count II); Unfair Competition under Cal. Bus. & Prof. Code § 17200 ("UCL") (*id.* ¶¶ 58-66) (Count III); False Advertising under Cal. Bus. & Prof. Code § 17500 ("FAL") (*id.* ¶¶ 67-74) (Count IV); Breach of Express Warranty (*id.* ¶¶ 75-80) (Count V); Breach of Implied Warranty of Merchantability (*id.* ¶¶ 81-88) (Count VI); Negligent Misrepresentation (*id.* ¶¶ 88-94) (Count VII); and Fraud (*id.* ¶¶ 95-98) (Count XI).  There is no Count XIII in the FAC.

5
**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).[5]

## B. Plaintiff Lacks Standing To Bring Claims Under The Laws Of Any State Except California, So The Multistate Class Claims Must Be Dismissed Under Rule 12(b)(1)

"Article III standing must be measured claim by claim." *In re Capacitors*, 154 F. Supp. 3d at 924. In the class action context, "when measuring standing claim by claim, a named plaintiff must possess the requisite standing; it is not sufficient that a putative class member may have standing to press one of the claims." *Id.* at 925 (citing *Lewis v. Casey*, 518 U.S. 343, 357-58 (1996)). "Consequently, at least one named plaintiff must have Article III standing to bring a claim under the laws of each state included in the alleged multi-state class." *Razuki v. Nationstar Mortg., LLC*, 2020 U.S. Dist. LEXIS 53992, at *8 (N.D. Cal. Mar. 26, 2020). It is well established in California's district courts that "a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones*, 400 F. Supp. 3d at 906-07.[6]

Here, Plaintiff is a California resident, and the FAC alleges only that he purchased Defendants' products in California – there is no allegation that he was injured by Defendants'

---

[5] Additionally, "claims sounding in fraud," such as the claims in the FAC, "are held to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud 'must state with particularity the circumstances constituting fraud.'" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1139 (N.D. Cal. 2013) (quoting Fed. R. Civ. P. 9(b)). As this Court has recognized, Rule 9(b) provides the correct pleading standard for Plaintiff's factual allegations. Dkt. 27 at 3. Because this Motion is focused on the sufficiency of Plaintiff's legal theories and not on the underlying facts on which he bases his allegations of fraud, this heightened pleading standard will not be discussed at length.

[6] This District recently recognized that the Ninth Circuit has not yet ruled on this specific issue of Article III standing, so district court opinions are the best source of authority. *See Soo v. Lorex Corp.*, 2020 U.S. Dist. LEXIS 164664, at *28-29 (N.D. Cal. Sep. 8, 2020) ("While the Ninth Circuit has not definitively answered whether named plaintiffs have standing to pursue class claims under the common laws of states to which the named plaintiffs have no connection, district courts in this Circuit routinely hold that they do not.") (citations omitted).

6
**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

conduct in any other state. And yet, Plaintiff seeks to represent a multistate class consisting of consumers in nine non-California jurisdictions for "violation of [state] consumer fraud acts" (Count I) and common-law fraud (Count IX), consumers in a separate set of nine foreign jurisdictions for breach of express warranty (Count V), and consumers in twenty-four foreign jurisdictions for breach of express and implied warranty (Count VI). Under this District's precedent, it is clear that a named plaintiff who does not reside in a given state and did not purchase the defendant's products there lacks Article III standing to pursue class claims under that state's consumer protection statutes or related common laws. *See*, *e.g.*, *Soo*, 2020 U.S. Dist. LEXIS 164664, at *28-29 ("the scope of standing" to pursue common law class claims is "limited to the locations of the [product] purchases or the offer of an inadequate remedy."); *In re Capacitors*, 154 F. Supp. 3d at 924 (Article III standing for state consumer protection law claims requires "in-state injury in the form of an in-state purchase."). Thus, Plaintiff lacks Article III standing to bring claims under the laws of any state other than California, so he can only plausibly apply California law to each of the three multistate classes.

As it did with Plaintiff's national class claims, this Court should dismiss these inadequately-pled multistate claims at the pleading stage. Where, as here, a class action plaintiff asserts state law claims for which he lacks Article III standing, early dismissal of those claims is not only proper, but in fact appears to be the preferred course of action in California's district courts. *See In re Big Heart Pet Brands Litig.*, 2019 U.S. Dist. LEXIS 229340, at *36 (N.D. Cal. Oct. 4, 2019) ("Recently, courts within this district, including the undersigned, have granted motions to dismiss based on lack of standing in cases where the named plaintiffs attempted to assert claims under state laws where the plaintiff neither resided nor purchased a defendant's product."); *see also Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1071 (S.D. Cal. 2020) ("there is a growing trend among courts within the Northern, Eastern, and Southern Districts of California to address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products."); *Jones*, 400 F. Supp. 3d at 910 ("multiple opinions issuing from district courts in the Ninth Circuit, at the pleading stage of a putative class action, have dismissed sister state claims based

on the named plaintiff's standing.")[7]

Accordingly, to the extent Plaintiff's claims for violation of consumer fraud acts (Count I), common-law fraud (Count IX), breach of express warranty (Count V), and breach of implied warranty (Count VI) are based on state laws other than those of California, the claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

C.  **Plaintiff's Multistate Class Claims Are Inadequately Pled Under Rule 12(b)(6)**

  1. **Plaintiff Does Not Identify the Law He Seeks to Apply**

As previously mentioned, although Plaintiff seeks to bring claims on behalf of three different multistate classes, the FAC is silent as to which state's laws Plaintiff intends to sue under. Although the FAC does list statutes for California and the nine other states in the consumer fraud multistate class as to his "state consumer fraud acts" claim (Count I), he does not indicate which jurisdiction's (or jurisdictions') laws he intends to apply. FAC ¶ 41, fn. 9. And, Plaintiff alleges no laws regarding the other three counts to which he seeks to represent consumers in jurisdictions other than California.

This Court has already determined, in its Order dismissing the national class, that "significant differences" exist between the California consumer protection statutory and common laws cited in the Complaint as compared with their counterparts in other states. Dkt. 37 at 3:18-24. Unless Plaintiff identifies which laws he intends to apply to each claim on behalf of each multistate class of purchasers, there is no way for the Court to even evaluate the adequacy of the multistate class claims, and so those claims must be dismissed under Rule 12(b)(6). *See Romero*

---

[7] A survey of recent decisions in this District further reveals that dismissal at the pleading stage is the favored approach under circumstances such as those presented here. *See*, *e.g.*, *Stemmelin v. Matterport, Inc.*, 2020 U.S. Dist. LEXIS 209530, at *8-9 (N.D. Cal. Nov. 7, 2020) (dismissing claims under laws of all states except Illinois where the sole named plaintiff was an Illinois resident and "made no relevant purchases in and thus lacks standing to represent putative class members under the laws of" any other state); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 2020 U.S. Dist. LEXIS 197736, at *18-19 (N.D. Cal. Oct. 23, 2020) (the strong trend in this district is "to dismiss for lack of standing claims arising under the laws of states in which none of the named plaintiffs made a purchase."); *Razuki*, 2020 U.S. Dist. LEXIS 53992, at *8 (failure to allege that named plaintiffs "were injured by Nationstar's alleged conduct in any state other than California…forecloses claims on behalf of a multi-state class at this time"; dismissing claims on behalf of non-California consumers).

*v. Flowers Bakeries*, *LLC*, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016) ("In order for the Court to determine whether a claim has been adequately pled, Plaintiff must allege the applicable law.")  Where, as here, "there may be (and likely are) differences from state to state," specificity regarding the applicable law and its suitability is particularly important.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011).  "As this Court and other courts in this District have recognized, 'due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.'"  *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (quoting *Romero*, 2016 U.S. Dist. LEXIS 15868 at *34.)

### 2.  Plaintiff Does Not Plead the Specific Elements of His Claims

Aside from failing to clearly identify the laws he seeks to apply, by failing to identify and plead the specific elements of each claim, Plaintiff falls short of the federal pleading requirements.  To survive a motion to dismiss, Plaintiff must both actually identify and sufficiently plead the elements for each state common law cause of action. *See Van Mourik*, 2018 U.S. Dist. LEXIS 34796, at *4-5 (multistate class claims are "inadequately pleaded" where plaintiff "does not specify which state's laws she means to sue under, nor does she clearly address the elements of any of these claims."); *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, 2014 U.S. Dist. LEXIS 133540, at *35 (N.D. Cal. Sept. 22, 2014)  ("Plaintiffs must identify and plead the elements" of the common law causes of action for each state).

This specificity requirement applies equally to Plaintiff's statutory consumer protection claims. Here, Plaintiff provides only a list of statutes that supposedly relate to his "state consumer fraud act" claims.  FAC at ¶ 41, fn. 9.  Such a "cursory listing of the other states' statutes is insufficient" to state a claim.  *Chavez v. Wal-Mart Stores, Inc.,* 2014 U.S. Dist. LEXIS 200765, at *11 (C.D. Cal. Mar. 3, 2014).  Especially given that this Court has already determined that material differences among the states' consumer protection statutes exist, "it is far from a foregone conclusion that Plaintiff's allegations would state a claim under every state's consumer protection statute." *Id.*  It is clear that "[m]erely listing another state's consumer fraud statutes is insufficient to state a claim" especially where, as here, those state law claims are grounded in

9

fraud. *In re Sony Grand WEGA Litig.*, 758 F. Supp. 2d 1077, 1096 (S.D. Cal. 2010) (dismissing cause of action for "violations of various other states' consumer protection laws" with prejudice).

### 3. Plaintiff's Multistate Classes Should Be Dismissed Regardless Of Which State's Laws He Intends To Apply

As discussed above, Plaintiff does not have standing to apply the laws of <u>any</u> state other than California. There is nothing in the FAC to suggest that he can apply California law to consumers in other states, either. This Court has already ruled that "Freedline may bring California law claims on behalf of other California consumers, but the putative class stops at the state border unless he can establish that 'California law applies to all putative class members.'" Dkt. No. 37 at 2 (quoting *Razuki*, 2020 U.S. Dist. LEXIS 53992, at *3.) In dismissing the national class allegations from the Complaint, this Court found that Plaintiff's allegations did not "overcome other states' interests in having their own consumer protection laws applied to their residents." *Id.* at 4 (citing *Mazza*, 666 F.3d at 590, 594.) The FAC adds no allegations that would change this. Certainly, by simply listing a number of other states in the multistate class definitions, Plaintiff does not plausibly allege that he can make such a showing.

The FAC flatly fails to present a "cognizable legal theory," let alone "sufficient facts alleged under a cognizable legal theory," under which Plaintiff could plausibly maintain a claim on behalf of any of the three putative multistate classes. *Balistreri*, 901 F.2d at 699. This Court has ruled in previous cases that multistate class claims pled without specifying the applicable laws and their elements are "inadequately pleaded and fail to advise the defendant of what it is called to answer for legally." *Van Mourik,* 2018 U.S. Dist. LEXIS 34796, at *5. For this reason, each of Plaintiff's claims on behalf of non-California consumers must be dismissed.

### D. The Multistate Class Claims Should Be Dismissed With Prejudice[8]

The parties have already litigated one motion to dismiss in this action, which included supplemental briefing, and Plaintiff's ability to represent out of state consumers was extensively

---

[8] Notably, the November 23, 2020 deadline to "join parties or amend pleadings," set forth in the operative Scheduling Order issued by this Court, has passed. Dkt. 38.

**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

litigated therein.  In its March 31, 2020 Order dismissing Plaintiff's sugar content claims, this Court declined to rule on Defendants' request to strike the national class allegations, but stated that Freedline's ability to "represent consumers outside of California … either by applying California law nationwide, or under the laws of other states" was a subject properly addressed at the pleading stage.  Dkt. 27 at 7:7-13.  The Court even pointed the parties to its decision in *Razuki*, 2020 U.S. Dist. LEXIS 53992, in which the Court discusses at length the same Article III standing and pleading specificity issues addressed here.  And, Defendants actually spelled out the relevant standing requirements in their supplemental motion to dismiss.  Dkt. 32 at 3:19-4:20.  The Court even suggested that Freedline "join new named plaintiffs" or allege appropriate multistate classes in its dismissal order.  Dkt. 37 at 5.  Despite being on notice of the arguments Defendants would raise in this Motion, Plaintiff apparently made no effort to state even a cognizable legal theory under which he could represent non-California consumers.  The obvious inadequacy of the multistate class allegations after months of litigation on the issue makes it doubtful that Plaintiff would even attempt to meet the much more rigorous requirements of class certification.

Because allowing Plaintiff to amend these claims yet again would only waste the Court's and Defendants' time and resources, Defendants respectfully request that the Court dismiss Plaintiff's multistate class claims with prejudice.  Dismissal with prejudice is warranted under the circumstances, and is fully within this Court's discretion.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint") (quotations omitted); *Dutra v. BFI Waste Mgmt. Sys. of N. Am., Inc.*, 2015 U.S. Dist. LEXIS 63631, at *10 (N.D. Cal. May 13, 2015) (dismissing complaint without leave to amend, noting that "plaintiff has amended the complaint once with the benefit of defendant's pending motion to dismiss, so he was put on notice of defendant's arguments and had an opportunity to cure the complaint's deficiencies"); *In re Sony Grand WEGA Litig.*, 758 F. Supp. 2d at 1096-97 (dismissing cause of action for "violations of various other states' consumer protection laws" from first amended complaint with prejudice where plaintiff "merely listed" various states' consumer protection statutes).

11

**DEFENDANTS' MOTION TO DISMISS MULTISTATE CLASS CLAIMS FROM PLAINTIFF'S AMENDED COMPLAINT**

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's multistate class claims (Counts I, V, VI, and IX) with prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

DATED: December 22, 2020        REUBEN RAUCHER & BLUM

By: */s/ Timothy D. Reuben*
    Timothy D. Reuben
    Stephen L. Raucher
    Michael T. Gluk
Attorneys for Defendants O Organics LLC & Lucerne Foods, Inc.